IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH TEDFORD LOONEY, et al.,<br><br>Defendants.<br>_____ / | No. C -12-03094 SBA (EDL)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Plaintiff G & G Closed Circuit Events, LLC claims that Defendants Kenneth Tedford Looney and HTHREEO, LLC misappropriated a televised professional boxing program to which Plaintiff owned the exclusive domestic commercial exhibition rights, and exhibited the Program at Looney's Southern BBQ, which Defendants operate. On November 20, 2012, the court clerk entered Defendants' default. On November 29, 2012, Defendants filed a motion to set aside default. Judge Armstrong referred Defendant's motion to this Court for a Report and Recommendation. Because this matter is appropriate for hearing without oral argument, the Court vacated the January 29, 2013 hearing.

**Discussion**

Federal Rule of Civil Procedure 55(c) authorizes a court to set aside entry of default for "good cause." "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir.1994). A court determines the existence of good cause for removing a default by considering the following factors: (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default; (2) whether there is any meritorious defense to plaintiff's claims; or (3) whether setting aside the entry of default will prejudice the plaintiff. United States. v. Signed

1  Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir.2010); see also Franchise
2  Holding LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004).  These factors
3  are disjunctive: "a finding that any one of these factors is true is sufficient reason for the district
4  court to refuse to set aside the entry of default." Mesle, 615 F.3d at 1091.  "Crucially, however,
5  'judgment by default is a drastic step appropriate only in extreme circumstances; a case should,
6  whenever possible, be decided on the merits.'"  Id. (quoting Falk v. Allen, 739 F.2d 461, 463 (9th
7  Cir.1984)).

**1.  Defendant did not engage in culpable conduct**

A defendant's conduct is culpable if it has actual or constructive notice of the service of the action and intentionally failed to answer.  Mesle, 615 F.3d at 1092.  "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"  Id. (quoting TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir.2001); see also Employee Painters' Trust v. Ethan Enterprises, 480 F.3d 993, 1000 (9th Cir. 2007) (" In this circuit, 'a defendant's conduct [is] culpable for purposes of the Falk factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'") (quoting TCI Group, 244 F.3d at 697);Mesle, 615 F.3d at 1092-93 (9th Cir. 2010) ("As we have previously explained, in this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'") (quoting TCI Group, 244 F.3d at 697).  The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  TCI Group, 244 F.3d at 697.

Here, there is no showing that Defendants intentionally failed to answer as that term is construed in this context.  Defendant Looney states that he is a small business owner who runs a

2

1    restaurant in Oakland at which the pirated broadcast was allegedly shown. Looney Decl. ¶ 1.
2    Defendant states that he was served with the complaint on August 31, 2012, and at the time of
3    service, he did not have the means to hire counsel. Looney Decl. ¶ 2. Defendant had represented
4    himself in three prior lawsuits filed by Plaintiff's counsel, and he elected to represent himself in this
5    matte, believing that he had more time to answer than he actually did under the law. Looney Decl. ¶
6    3, 4. Defendant had no intent to allow his default to be taken, and through his own mistake and
7    ignorance, the time for him to answer expired. Looney Decl. ¶ 4. Upon receiving the request to
8    enter default, Defendant realized that he had not properly handled this matter. Looney Decl. ¶ 5.
9    Looney retained counsel, who contacted Plaintiff's counsel immediately to pursue settlement.
10   Looney Decl. ¶ 6. Looney also contends that Plaintiff's counsel's investigator was targeting
11   Defendant's restaurant, and that in fact, it was the investigator who asked staff at the restaurant to
12   turn the boxing match on. Looney Decl. ¶ 9.

13   Plaintiff argues generally that Defendant's belief about the time to respond to the complaint
14   was culpable because the summons and complaint, which Defendant concedes that he received,
15   plainly stated that an answer is due within twenty-one days. See Docket No. 2 (summons). Plaintiff
16   also argues that the prior three lawsuits against this Defendant demonstrate that Defendant was well-
17   aware of his obligation to timely respond to the complaint. However, even if Defendant had
18   experience with these kinds of cases in the past, Plaintiff has not shown that Defendant acted in bad
19   faith this time. Given that other lawsuits brought by Plaintiff against Defendant resulted in
20   settlements, it was reasonable, in the absence of other facts, that Defendant would believe that he
21   would be contacted again for settlement. The first prong of the Mesle test is satisfied, that is, there
22   has been no showing that Defendant engaged in culpable conduct that led to default.

23   **2.      There has been not been a sufficient showing of prejudice**

24   As for the third factor, "to be prejudicial, the setting aside of a judgment must result in
25   greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701. Here, it
26   appears that at most, the prejudice to Plaintiff in this case would consist of delay, which is not
27   sufficient to constitute prejudice for purposes of setting aside the entry of default. The third prong
28   of the Mesle test is satisfied, that is, there has not been a sufficient showing of prejudice that would

result from setting aside entry of Defendants' default.

**3. Defendant has shown a partial meritorious defense as to damages**

Because the Mesle test is in the disjunctive, and a finding that any one of the factors is true is sufficient to set aside entry of default, the Court need not reach the second prong of the test. However, the Court notes that Defendant has shown a partial meritorious defense as to damages.

A defendant seeking to set aside a default "must present specific facts that would constitute a defense." TCI Group, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." Mesle, 615 F.3d 1094 (quoting TCI Group, 244 F.3d at 700). "Rather, that question 'would be the subject of the later litigation.'" Id. The parties also appear to agree that a "meritorious defense" is one in which there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Here, in relevant part, Defendant notes that Plaintiff seeks duplicative recovery for statutory violations as well as conversion. See, e.g., J&J Sports Prods v. Ferreyra, 2008 WL 4104315, at *1 (E.D. Cal. Aug. 28, 2008) ("Inasmuch as plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages for conversion should be denied."). Further, Defendant argues that if Plaintiff is successful in this case, the damages should be minimal rather than the maximum sought in the complaint for willful conduct. Defendant states in his declaration that he explicitly told his staff not to show these types of programs in the restaurant. Looney Decl. ¶ 9. Defendant also states that the investigator, posing as a customer, asked the bartender to turn on the match. Looney Decl. ¶¶ 8-9. Defendant also states that he did not advertise the match, or receive any financial gain from showing the match. Looney Decl. ¶ 10. Thus, Defendant argues that he did not willfully steal the television signal. These facts establish at least a partial meritorious defense as to damages.

**Conclusion**

The Court recommends granting Defendants' motion to set aside entry of default. Any party

4

may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: January 18, 2013

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge