UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KENNETH TEDFORD LOONEY, individually and d/b/a LOONEY'S SOUTHERN BBQ; and HTHREEO, LLC, an unknown business entity d/b/a LOONEY'S SOUTHERN BBQ,<br><br>　　　　Defendants. | Case No:  C 12-3094 SBA<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**<br><br>Dkt. 19, 31, 32 |

　　　On January 18, 2013, Magistrate Judge Elizabeth Laporte ("the Magistrate") issued a Report and Recommendation ("R&R") in which she recommended granting Defendants Kenneth Tedford Looney and HTHREEO, LLC's (collectively "Defendants") Motion to Set Aside Entry of Default.  Dkt. 31.

　　　The parties are presently before the Court on Plaintiff G & G Closed Circuit Events, LLC's Objections to the R&R and related Motion for De Novo Determination Re Defendants' Motion to Set Aside Entry of Default.  Dkt. 32.  Having read and considered the papers submitted, and the file as a whole, the Court GRANTS Plaintiff's motion for de novo review, OVERRULES Plaintiff's Objections, ADOPTS the R&R, and GRANTS Defendants' Motion to Set Aside Entry of Default.  The Court, in its discretion, adjudicates the instant matter without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

The facts of this case are set forth in the Magistrate's R&R, and will not be repeated here in detail. Plaintiff was previously granted exclusive nationwide commercial distribution rights to "*Strikeforce: 'World Grand Prix': Alistair Overeem v. Fabricio Werdum*" ("the Program"), which was telecast nationwide on June 18, 2011. Compl. ¶ 16, Dkt. 1. On that date, Defendants allegedly displayed the Program without authorization at Looney's Southern BBQ. However, the Program was displayed at the behest of an undercover investigator (hired by Plaintiff's counsel) posing as a patron. Looney Decl. ¶¶ 8-9, Dkt. 22. In addition, Defendants made no profit from showing the Program. Id. ¶ 12.

On November 20, 2012, the court clerk entered Defendants' default. Dkt. 17. Defendants retained counsel, and on November 29, 2012, filed a Motion to Set Aside Default. Dkt. 19. The undersigned referred the motion to the Magistrate for an R&R. Dkt. 26. On January 18, 2013, the Magistrate issued her R&R which recommended setting aside the default. Dkt. 31. Plaintiff has timely objected to the Magistrate's recommendation and filed a motion for de novo review of her R&R. Dkt. 32. The matter is now fully briefed and is ripe for adjudication. Dkt. 33, 34, 35.

## II. LEGAL STANDARD

A district court judge may refer a matter to a magistrate judge to conduct a hearing, including an evidentiary hearing, and to thereafter issue findings of fact and recommendations for the disposition of the matter. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(1); Civ. L.R. 72-3. Within fourteen days of service of the proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P 72(b). The district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Fed. R. Civ. P 72(b)(1); see Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Factual findings are reviewed for clear error. Quinn v. Robinson, 783 F.2d

776, 791 (9th Cir. 1986). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, the Court may consider further evidence or remand the matter to the magistrate judge with instructions. Id.

## III. DISCUSSION

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). To determine whether a party has shown good cause, the court must examine "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice any other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). As these factors are disjunctive, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id. The party in default bears the burden of showing that the aforementioned factors favor setting aside the default. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001). Any doubt regarding whether to grant relief should be cast "in favor of setting aside the entry of default and deciding the case on its merits." See O'Connor v. Nevada, 27 F.3d 357, 363 (9th Cir. 1994).

Plaintiff first contends that the Magistrate applied the wrong legal standard for setting aside a default in stating that "a finding that any one of the [Mesle] factors is true is sufficient to set aside entry of default . . . ." See R&R at 4:3-4. The statement by the Magistrate is not accurate. Mesle states that a finding that any of the three factors is true is ground for *refusing to set aside the default*, not vice versa. 615 F.3d at 1091. Nonetheless, the Magistrate's statement appears to be an inadvertent error. Earlier in the Order in the course of setting forth the applicable legal standard, the Magistrate accurately recites the Mesle standard—a fact which Plaintiff studiously and inappropriately avoids mentioning in its motion. See R&R at 2:2-4. Moreover, the Magistrate correctly analyzed each of the

- 3 -

three applicable factors and concluded that they militated in favor of Defendants.  As such, Plaintiff's suggestion that the Magistrate applied the wrong legal standard is wholly without merit.

Next, Plaintiff vaguely argues that the Magistrate erred in finding that Defendants had "a partial meritorious defense as to damages."  See R&R at 4:5.  Though not entirely clear, Plaintiff appears to argue, without citation to any relevant authority, that Defendants must demonstrate that they have a meritorious defense to *liability*, not merely a meritorious defense as to *damages*.  This contention lacks merit.  The primary inquiry in evaluating the meritorious defense factor involves determining "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).  Here, the Complaint seeks damages in excess of $170,000 plus attorneys' fees.  See Compl. at 10-11.  However, Defendants have submitted evidence showing that the amount sought by Plaintiff is excessive in light of the fact that they made no financial gain from showing the Program.  Looney Decl. ¶ 12.  In addition, Defendants' evidence shows that Defendants' employees were instructed to avoid displaying the Program, and that the Program was shown only because Plaintiff's undercover investigator had requested that they do so.  Id. ¶¶ 8-9.[1]  This evidence is more than sufficient to show that there is some possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default.  See Hawaii Carpenters' Trust Funds, 794 F.2d at 513.

Finally, Plaintiff contends that the Magistrate erred in finding that Defendants' conduct was not in bad faith.  The failure to answer a complaint is not, standing alone, tantamount to bad faith.  TCI, 244 F.3d at 697.  Rather, there must be evidence of "willful" or "deliberate" conduct that evidences an attempt "to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process[.]"  Id.

---

[1] Defendant Looney also points out that he has settled three prior lawsuits with Plaintiff's counsel, Thomas Riley, and therefore, he was particularly vigilant about not displaying pay-per-view programs.  Looney Decl. ¶ 9.

Plaintiff argues that the Magistrate improperly shifted the burden on this issue onto Plaintiff as opposed to Defendants.  As support, Plaintiff points to the Magistrate's statement that "*Plaintiff* has not shown that Defendant[s] acted in bad faith."  See Pl.'s Mot. at 6:14-20 (emphasis added).  However, the Magistrate did not, in fact, impermissibly shift the burden to Plaintiff.  In reaching her conclusion that Defendants did not engage in culpable conduct, the Magistrate discussed the evidence submitted by Defendants and concluded that it showed that their actions were not in bad faith.  The Magistrate's remark referenced by Plaintiff was nothing more than a statement that Plaintiff had presented no evidence to rebut Defendants' evidentiary showing.

## IV. CONCLUSION

The Court has reviewed de novo the portions of the R&R to which Plaintiff has objected and concludes that Plaintiff's objections are without merit.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for De Novo Determination Re Defendants' Motion to Set Aside Entry of Default is GRANTED.  Upon de novo review, the Court OVERRULES all of Plaintiff's objections to the R&R.

2. The Court ADOPTS the Magistrate's R&R, which shall become the Order of the Court.  Therefore, Defendants' Motion to Set Aside Default is GRANTED.  Defendants shall have fourteen (14) days from the date this Order is filed to respond to the complaint.

3. This Order terminates Docket 19, 31 and 32.

IT IS SO ORDERED.

Dated:  April 19, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge